# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>JORGE LUIS MARTINEZ TORRES<br>ELISA HAIDDE RODRIGUEZ *et als.*<br><br>Debtors<br><br>JORGE LUIS MARTINEZ TORRES<br>ELISA HAIDDE RODRIGUEZ, *et als.*<br>    Plaintiffs<br><br>BANCO POPULAR PUERTO RICO, et als<br><br>    Defendants | CASE NO. 13-10532 (MCF)<br><br>CHAPTER 7<br><br><br><br>Adversary No. 23-00031 |

## MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AGREEMENT PURSUANT TO FRBP 9019(a)

TO THE HONORABLE COURT:

COMES NOW codefendant Banco Popular Puerto Rico ("BPPR") represented by the undersigned attorneys and without submitting to the jurisdiction of the Court, respectfully sets forth and prays:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the agreement and request for order herein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the scope of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and of this joint agreement and request for order is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL POSTURE

3. On December 18, 2013, Jorge Luis Martínez Torres filed a voluntary Chapter 7 bankruptcy petition pursuant to the provisions of 11 U.S.C. §§ 701 *et seq.* and an order for relief was entered on an even date and Noreen Wiscovitch Rentas was appointed as the Chapter 7 Trustee.

4. On March 24, 2014, the Court entered an order of discharge (docket # 24) and on March 27, 2014 the Court entered an order discharging the Trustee and closing the case (docket # 26).

5. On April 26, 2023, debtor filed an Emergency Motion to Reopen Chapter 7 Case (docket # 28) for an alleged violation of the order of discharge.

6. The above captioned bankruptcy case was reopened by order entered by the Court on April 27, 2023 (docket # 32).

7. On April 26, 2023, Debtor filed an adversary proceeding number 23-00031 against Banco Popular de Puerto Rico, Velma E. Díaz Carrasquillo, Yanira R. Millard Santiago and Noreen Wiscovitch Rentas former Chapter 7 Trustee for an alleged violation of the order of discharge seeking amongst other remedies compensatory damages.

8. After several procedural incidents and after the exchange of documentary evidence relevant to the controversy of the adversary proceeding, all affected parties conferred, and reached a settlement agreement and release copy of which is attached hereto and made part hereof as *Exhibit A* of the foregoing motion (the "Settlement Agreement").

## APPLICABLE LAW AND DISCUSSION

9. Pursuant to Fed. R. Bankr. P. 9019 and 11 U.S.C. §105, the appearing party files the foregoing motion for entry of an order approving the settlement or compromise among the parties appearing therein.

10. Rule 9019 (a) provides that:

> "(a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct."

11. The appearing party believes that this Settlement Agreement is in the best interest of the Estate and its creditors.

12. The determination of whether to approve a compromise is a matter committed to the sound discretion of the bankruptcy judge. River *City v. Herpel, (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-603 (5th Cir. 1980). In exercising this discretion, the court should approve the proposed settlement if it is in the best interests of the estate. Id.

13. Likewise, the approval of settlement is within the court's "wide discretion." See *Jeremiah v. Richardson*, 148 F.3d 17, 22 (1st Cir. 1998). However, while a court should apply its own independent judgment to determine whether to approve a settlement, it should also afford deference to the judgment of the parties. See *In re Receivership Estate of Indian Motorcycle Mfg., Inc.* 299 B.R. 8, 21 (D. Mass. 2003) (the court should give "substantial deference to the business judgment of a bankruptcy trustee when deciding whether to approve a settlement"); *Hill v. Burdick (In re Moorhead Corp.)*, 2008 B.R. 87, 89 (B.A.P. 1st Cir. 1997) ("The [bankruptcy] judge... is not to substitute her judgment for that of the trustee, and the trustee's judgment is to be accorded some deference". (citation omitted)); *City Sanitation, LLC v. Allied Waste Serves. Of Mass., LLC (In re Am. Cartage, Inc.)* 656 F.3d 82, 92 (1st Cir. 2011).

14. "The court's consideration of these factors should demonstrate whether the compromise is fair and equitable, and whether the claim the debtor is giving up is outweighed by the advantage to the debtor's estate." *In re Robotic Vision Sys., Inc.*, 2006 WL 929322, at *4.

15. The standard for approving a settlement, whether it is in the best interest of the estate, entails an examination of the settlement's terms with the litigation's probable cost and benefits. When an agreement provides tangible benefits to the estate in return for sacrifice of uncertain claims against a creditor, the bankruptcy court does not err in approving the settlement. *In re Bond*, 16 F.3d 408, 30 C.B.C.2d 784 (4th Cir. 1994).

16. The entering into a settlement agreement under Rule 9019 must be accorded some deference by the courts. See *In re Healthco Int'l, Inc.*, 136 F.3d 45, 54 at fn. 5 supra (1st Cir. 1998) Furthermore, "[c]ompromises are favored in bankruptcy." 10 Lawrence P. King, *Collier on Bankruptcy* ¶ 9019.01, at 9019–2 (16th ed. 2015).

17. Therefore, the appearing party respectfully requests from this Honorable Court to enter an order authorizing and approving the attached Settlement Agreement with any other relief the Court deems appropriate.

WHEREFORE, the appearing party respectfully requests from this Honorable Court to enter an order authorizing and approving the attached Settlement Agreement with any other relief the Court deems appropriate.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, dated October 9, 2023.

## NOTICE

Within twenty-one (21) days after service as evidenced by the certification, and additional three (3) days pursuant to Fed. R. Bank. P. 9006(f), 9019 and 2002(a)(3) if you were served by

mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY: that on this same date, we electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF participants; including **Ada M. Conde, Esq.**, **Noreen Wiscovitch Rentas, Esq., Trustee**, **Cynthia Román Sánchez, Esq.**, and the **U.S. Trustee** at ustregion21.hr.ecf@usdoj.gov, and will deposit exact copies thereof in the US Postal Service by regular mail to Plaintiffs **Jorge Luis Martínez Torres** and **Elisa Haidde Rodríguez Rodríguez** at their address of record.

O'NEILL & GILMORE
Counsel for BPPR
252 Ponce de León Ave., Suite 1701
San Juan, PR 00918
Tel. 787-620-0670
Fax 787-620-0671
E-mail: cpg@go-law.com

*/s/ Charles P. Gilmore*
USDC PR 209614

CARDONA-JIMENEZ LAW OFFICES, PSC
Co-counsel for BPPR
PO Box 9023593
San Juan, Puerto Rico 00902-3593
Tel. (787) 724-1303
Fax No. (787 724-1369
E-mail: jf@cardonalaw.com

*/s/ José F. Cardona Jiménez*
USDC PR 124504