# CONFIDENTAL SETTLEMENT AGREEMENT

# AND

# RELEASE OF CLAIMS

1. **PARTIES** -- This Confidential Settlement Agreement and Release of Claims (this "Agreement") is made and entered into as of the last signature date set forth on the signature page (the "Effective Date") by Banco Popular de Puerto Rico ("BPPR") Velma E. Diaz Carrasquillo and Yanira R. Milland Santiago ("Defendants"); and Jorge Luís Martinez Torres and his wife, Elisa Haidde Rodriguez Rodriguez, and their conjugal partnership ("Borrowers"). BPPR, Defendants and Borrowers may be referred to herein individually as a "Party" and collectively as the "Parties."

2. **RECITALS** – This Agreement is entered into with reference to the following facts:

   A. On May 19, 2006, Borrowers executed a note (the "Mortgage Note") in the amount of $76,000.00 in favor of RG Premier Bank of Puerto Rico or its order.

   B. To secure the indebtedness of the Mortgage Note, on May 19, 2006, Borrowers executed Deed of Mortgage Number 522 (the "Mortgage") before Notary Public Georgette M. Rodriguez Figueroa.

   C. The Mortgage Note was assigned by RG Premier Bank of Puerto Rico to Banco Popular de Puerto Rico, with the Federal Deposit Insurance Corporation (FDIC) as intermediary holder.

   D. BPPR is the current holder of the Mortgage Note.

   E. On February 2, 2011, the Mortgage having been previously presented for recordation in the Puerto Rico Registry of the Property of Bayamón, Section IV ("Registry of the Property"), was notified for certain defects as cited by the Registry of Property.

   F. On March 31, 2011, the Mortgage was withdrawn from the Registry of Property.

   G. On September 20, 2012, the Mortgage was newly presented at the Registry of Property for recordation.

   H. On December 18, 2013, Borrowers filed a voluntary petition under Chapter 7 of the Bankruptcy Code, Case No. 1310532-MCF (the "Bankruptcy Case") before the Bankruptcy Court.

   I. On March 24, 2014, Borrowers received a discharge under 11 U.S.C. § 727.

   J. On April 27, 2023, Borrowers commenced an adversary proceeding against BPPR and the Defendants before the Bankruptcy Court, style *Jorge L.Martinez Torres et ux. v. Banco Popular de Puerto Rico et al.*, Adversary Case No. 23-00031-MCF (the "Adversary Proceeding" and/or the "Dispute"). In the Adversary Proceeding, Borrowers allege that the debt secured by the Mortgage was discharged as of the date of the petition for lack of a recorded interest as to the

Page 1 of 7

*Settlement Agreement, Jorge L.Martinez Torres et ux. v. Banco Popular de Puerto Rico et al.*, Adv. Proc. No. 23-00031-MCF.

same.

K. Without in any way conceding fault or the validity or sufficiency of any claim, defense, allegation, or contention of any or all the Parties, the Parties desire to fully and amicably compromise, finally settle, and fully release all claims, disputes, and differences related to the Dispute, pursuant to the terms and conditions of this Agreement.

In consideration of the facts, acknowledgements, agreements, general release and promises contained in this Agreement, and for other good and valuable consideration, the receipt of which is acknowledged by each Party, the Parties agree as follows:

3. <u>AGREEMENTS</u> --

    A. **Recitals.** The Parties incorporate the Recitals herein by this reference.

    B. **Considerations.**

    i. Within thirty (30) days of the Effective Date, BPPR will deliver to Borrowers the Mortgage Note endorsed to Borrowers "for cancellation purposes only." Thereupon, Borrowers will proceed to execute a Deed of Cancellation of Mortgage ("Deed of Cancellation") to cancel the Mortgage recorded in the Registry of the Property. Upon execution of the Deed of Cancellation, Borrowers will proceed to present the same before the Registry of the Property and provide BPPR with a copy of such deed.

    ii. Within five (5) business days of receipt of delivery of the Mortgage Note, the Borrowers shall file a Motion for Voluntary Dismissal with Prejudice of the Adversary Proceeding.

4. <u>RELEASES</u> --

    A. <u>Releases</u>. Borrowers hereby release and forever discharge BPPR and the Defendants, and each of its respective parents, subsidiaries, officers, directors, shareholders, partners, servicers, attorneys, investors, trustees, affiliates, predecessors, successors, representatives, insurers, assignees, agents, employees, administrators, and all persons acting by, through, or in any way on behalf of BPPR and/or the Defendants (collectively, the "Released Parties") of and from any and all claims, debts, defenses, liabilities, costs, attorneys' fees, actions, suits, demands, contracts, expenses, covenants, controversies, agreements, variances, trespasses, judgments, executions, damages, whether general, specific, or punitive, exemplary, contractual or extra-contractual, and causes of action of any kind or nature, in law or equity (collectively, "Claims") which Borrowers may now have or claims to have against the Released Parties, including all Claims which in any way, directly or indirectly, arise from, relate to, or are connected with, the Dispute, and any Claim which could be or could have been asserted in connection with the Dispute, from the beginning of time to the Effective Date. The Parties further agree that this Agreement may be pleaded or asserted by or on behalf of BPPR and/or the Defendants as a defense and complete bar to any action or claim that may be brought against or involving BPPR and/or the Defendants by anyone acting or purporting to act on behalf of the Borrowers with respect to any of the matters within the scope of this Agreement, with the

exception of only the obligations of the Parties under this Agreement. This full and final release covers and includes any and all Claims which arise out of the same facts as were alleged or could have been alleged in the Dispute. Borrowers acknowledge that, if facts different from or in addition to those known or suspected to exist at the time of executing this Agreement are discovered, it is nevertheless Borrowers' intention to hereby settle finally any and all Claims that now exist against the Released Parties. In the furtherance of such intention, the releases given herein shall be free and remain in effect as releases, notwithstanding the discovery of any such different or additional facts.

**B.** <u>No Waivers</u>. For the avoidance of doubt and in aid of interpretation of this Agreement, any and all releases described herein shall apply only to the Dispute, and shall not extend to apply to any other property interest, or to any other litigation, cause of action, or demand to which the Parties may have between or among them.

**5.** **MISCELLANEOUS** --

**A.** <u>Settlement</u>. This Agreement is entered into by the Parties for the purpose of compromising and settling matters in the Dispute. Nothing in this Agreement shall constitute or be construed as an admission by any Party or their respective parents, subsidiaries, officers, directors, shareholders, partners, servicers, attorneys, investors, trustees, affiliates, predecessors, successors, representatives, insurers, assignees, agents, employees or administrators of the truth or validity of any claims asserted or contentions advanced by any other party. No Party shall be deemed to have prevailed in regard to those claims or to have been a prevailing party. It is also understood and agreed to by the Parties that this Agreement does not constitute a finding of any violation of law related to fraudulent, manipulative, or deceptive conduct.

**B.** <u>Costs</u>. Except as specifically set forth herein, each Party shall bear its own costs and attorneys' fees in connection with the Dispute and this Agreement, and the Parties waive and release any claims they otherwise have or may have had to such costs and attorneys' fees.

**C.** <u>Prevailing Party</u>. If any action is brought to enforce this Agreement, or is brought in connection with any dispute arising out of this Agreement or the claims which are the subject of this Agreement, each prevailing Party shall be entitled to recover damages, fees, and other costs incurred in such action (including attorneys' fees) which they may prove are the direct and proximate result of any breach hereof in addition to any other relief which such Party may be entitled to by law.

**D.** <u>Choice of Law</u>. This Agreement is entered into in the Commonwealth of Puerto Rico, and this Agreement and any rights, remedies, or obligations provided for in this Agreement, shall be construed and enforced in accordance with the laws of the Commonwealth of Puerto Rico, without regard to conflicts of law.

**E.** <u>Tax Consequences</u>. Each Party acknowledges that in the course of the negotiations of this Agreement, no tax advice has been offered or given by any Party or such Party's counsel, agents, or any other representatives, and each Party is relying upon the advice of its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Agreement. Each Party agrees that it will not assert a claim against the other Party for the

*Settlement Agreement, Jorge L. Martinez Torres et ux. v. Banco Popular de Puerto Rico et al.*, Adv. Proc. No. 23-00031-MCF.

Page 3 of 7

payment or reimbursement of any tax consequences resulting from any payment made pursuant to this Agreement.

**F. Construction.** The following terms of construction apply to this Agreement: (i) this Agreement shall be construed as if all Parties jointly prepared it, and any uncertainty or ambiguity in this Agreement shall not be interpreted against any one Party; (ii) headings are included for convenience of reference only; (iii) words importing the singular shall include the plural, and vice versa; (iv) words importing the masculine gender shall include the feminine and neutral genders; and (v) "including," "includes," and comparable terms mean "including without limitation."

**G. Severability.** The provisions of this Agreement are severable. If any portion, provision, or part of this Agreement is held, determined, or adjudicated to be invalid, unenforceable, or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions, or parts of this Agreement and shall not affect the validity or enforceability of any remaining portions, provisions, or parts.

**H. Confidentiality.** The existence and terms of this Agreement are strictly confidential and the Parties and their counsel shall not disclose the facts or contents of this Agreement except if: (i) ordered by a court; (ii) in response to a subpoena, order or other request for information received from any government agency or self-regulatory organization; (iii) otherwise required by law; (iv) necessary for disclosures to the parties' affiliates, lawyers, employees, partners, tax advisors, and/or accountants (provided that such parties are bound by confidentiality obligations no less restrictive than those set forth in this paragraph); or (v) necessary to enforce the terms of this Agreement. If disclosure under subsections (i) or (ii) of this Section is required, Borrowers shall redact all terms relating to the amount of the Payment. If an unredacted version of this Agreement is ordered to be produced by a court of competent jurisdiction, this Agreement shall be produced under a confidentiality agreement. The Parties understand and agree that money damages would not be a sufficient remedy for any breach of the confidentiality provisions of this Agreement, and any Party not in breach of the obligations set forth in this Agreement shall be entitled to seek injunctive or other equitable relief to remedy or forestall any such breach or threatened breach. Such remedy shall not be deemed to be the exclusive remedy for any breach of this Agreement, but shall be in addition to all other rights and remedies available at law or in equity.

**I. Amendments.** All alterations, amendments, and modifications to this Agreement must be in writing and duly executed by all Parties.

**J. No Assignment.** Each Party represents and warrants to the other Parties that such Party: (i) is the sole and lawful owner of all right, title, and interest in and to every Claim released hereunder; and (ii) has not assigned, hypothecated, or transferred, or purported to do so, to any person or entity any right, title, or interest in any such Claim. In the event that such representation is false, and any such Claim is asserted against a Party by anyone who is the assignee or transferee of such Claim, then the Party who assigned or transferred such Claim shall fully indemnify, defend and hold harmless the Party against whom such Claim is asserted and its successors from and against such Claim.

**K.** Voluntary Agreement; Representation by Counsel. Each Party acknowledges that: (i) such Party is fully aware of the contents of this Agreement; (ii) this Agreement is executed voluntarily by such Party, without duress or undue influence on the part of, or on behalf of any of other Party; and (iii) (1) if such Party is represented by counsel, such Party has had this Agreement and its legal effect fully explained by counsel or (2) if such Party is not represented by counsel, such Party had the opportunity to consult legal counsel of such Party's own selection and the decision not to be represented by counsel is a decision that such Party has freely made.

**L.** Accord and Satisfaction. This Agreement shall be effective as a full and final accord and satisfaction and release of each matter in connection with those matters set forth herein.

**M.** Binding Effect. This Agreement shall be binding on and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, agents, representatives, successors, and assignees.

**N.** Entire Agreement. This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties, and the terms of this Agreement are contractual and not merely recitals. There is no other agreement, written or oral, expressed or implied, between the Parties with respect to the subject matter of this Agreement and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them.

**O.** Further Assurances. Borrowers shall perform such further acts and things and execute and deliver to BPPR and Defendants such additional agreements, powers and instruments, as BPPR and/or the Defendants may reasonably require or reasonably deem advisable to carry into effect the purposes of this Agreement or to better assure and confirm unto BPPR and/or Defendants its rights, powers, and remedies hereunder.

**P.** Survival. All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

**Q.** Counterparts; Electronically-Transmitted Signatures. This Agreement may be executed electronically and in multiple counterparts. All such counterparts, including those electronically executed, shall constitute a single form of this Agreement. This Agreement may be stored electronically so long as the Agreement is not altered except as permitted herein, is readily accessible, and accurately reflects the Agreement.

**IN WITNESS WHEREOF, the Parties hereto have caused this document to be executed on the Effective Date.**

[Signatures on next page.]

Page 5 of 7

*Settlement Agreement, Jorge L. Martinez Torres et ux. v. Banco Popular de Puerto Rico et al., Adv. Proc. No. 23-00031-MCF.*

| | |
|---|---|
| Jorge Luis Martinez Torres, and the legal conjugal partnership he composes with Elisa Haidde Rodríguez Rodríguez | Banco Popular de Puerto Rico |
| Jorge L Martinez Torres<br>Signature<br>Date: 29/Sept/2023 | By: José F. Cardona Jiménez, Esq.<br>*José F. Cardona*<br>Signature<br>Date: September 29, 2023 |
| Elisa Haidde Rodriguez Rodriguez, and the legal conjugal partnership she composes with Jorge Luis Martinez Torres<br>Elisa H Rodriguez Rodz<br>Signature<br>Date: 29 Sept 2023 | Banco Popular de Puerto Rico, through its legal counsel, José F. Cardona Jiménez<br>By: *José F. Cardona*<br>Signature<br>Date: September 29, 2023 |
| Ada M. Conde, as legal counsel for Jorge Luis Martinez Torres, and his wife, Elisa Haidde Rodriguez Rodriguez, and their conjugal partnership<br>By: [signature]<br>Signature<br>Date: September 29, 2023 | Velma E. Díaz Carrasquillo<br>By: [signature]<br>Signature<br>Date: 10/3/2023 |
| | Yanira R. Milland Santiago<br>By: [signature]<br>Signature<br>Date: 10/3/2023 |
| | Cynthia Román-Sánchez, as legal counsel for Velma E. Díaz Carrasquillo and Yanira R. Milland Santiago |

Page 6 of 7

Settlement Agreement, Jorge L. Martinez Torres et ux. v. Banco Popular de Puerto Rico et al., Adv. Proc. No. 23-00031-MCF.

By: *[signature]*

Date: 10/3/2023

Page 7 of 7

Settlement Agreement, *Jorge L. Martinez Torres et ux. v. Banco Popular de Puerto Rico et al.*, Adv. Proc. No. 23-00031-MCF.